01129/72422-mdc

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE AT JACKSON**

FREEDOM FROM RELIGION
FOUNDATION, INC.,

      Plaintiff,

vs.

      Case No. 1:11-cv-1374-JDB

TOWN OF WHITEVILLE,
TENNESSEE, MAYOR JAMES
BELLAR and THE WHITEVILLE
TENNESSEE BOARD OF ALDERMEN,

      Defendants.

---

**DEFENDANTS' STATEMENT OF UNDISPUTED
MATERIAL FACTS**

---

A.     In 2010 and 2011, the Freedom from Religion Foundation complained that a Latin cross on top of Whiteville, Tennessee's, water tower violated the establishment clause. Complaint at ¶¶ 17-20.

B.     After receiving complaints from the Foundation, Mayor Bellar decided to remove one arm from the cross.  Declaration of James Bellar at ¶ 6.

C.     After removing one arm from the cross in October 2011, James Bellar notified the Foundation of what he had done.  *Id.*

D.     The foundation agreed that the structure was no longer a Latin cross.  *Id.*; October 25, 2011, letter from the Foundation to James Bellar; October 26, 2011, press release from the Foundation.

E.     James Bellar is a part-time mayor.  Declaration of James Bellar at ¶ 2.

01129/72422-mdc

F.      James Bellar operates the Bass Insurance Agency located at 140 East Main Street in Whiteville, Tennessee.  *Id.* at ¶ 3.

G.      The property at 140 East Main Street is owned by James Bellar and includes three feet of sidewalk that extends from the front of the building's face.  This is private property. *Id.* at ¶ 4.

H.      James Bellar decided to place a stand-alone cross in front of his insurance agency on private property.  *Id.* at ¶ 5.

I.      In 2011, the Town of Whiteville began talking to a wireless internet provider about installing a wireless internet transmitter on top of the water tower.  *Id.* at ¶ 7.

J.      The internet provider can use the vertical support and horizontal arm that remain on top of the water tower to mount the wireless internet transmission equipment.  *Id.* at ¶ 8.

K.      Within a couple of days of learning about the lawsuit, Mayor Bellar had the stand-alone crosses moved from City Hall property.  The crosses never returned to City property. *Id.* at ¶ 9.

L.      James Bellar does not intend to place any stand-alone crosses on City Hall property in the future.  *Id.* at ¶ 10.

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, PLC

By:  _____s/ Dale Conder, Jr._____
DALE CONDER, JR., BPR #015419
JOSHUA B. DOUGAN, BPR #028066
Attorneys for Defendants
209 East Main Street
P.O. Box 1147
Jackson, TN 38302-1147
731-423-2414
dconder@raineykizer.com

2

01129/72422-mdc

By:   s/ Drew Farmer by Dale Conder Jr.
w/permission via e-mail 5/2/12
Drew Farmer. BPR #24417
LAW OFFICE OF JAMES ANDREW FARMER
51 Emerald Ridge Cove
Jackson, Tennessee 38305
(615) 354-4752
(731) 668-5836
jamesandrew20@hotmail.com
dfarmer@lawyer.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 2nd day of May, 2012, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing report.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's electronic filing system.

Alvin L. Harris
Hubbard, Berry & Harris, PLLC
201 Fourth Avenue North, Ste. 1420
Nashville, TN 37219


s/ Dale Conder, Jr.